

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-18-00148-CV

## IN RE STEPHANIE ROSE

_____

## Original Proceeding

_____

## MEMORANDUM OPINION

_____

In this proceeding the trial court has rendered a temporary order that places a geographic restriction on where Stephanie Rose, the parent who had the unrestricted right to determine the primary residence of the children pursuant to the parties' divorce decree, could designate as the children's domicile.[1] The temporary order was requested only four months after the divorce decree was signed. Because this is a memorandum opinion and to expedite its issuance, and because the parties and the trial court are

---

[1] The divorce decree uses the term "primary residence" whereas the trial court's order uses the term "domicile." For purposes of only this opinion and the conditional relief granted the terms used herein are based on the document being referenced and as being somewhat interchangeable herein; ordinarily they are not interchangeable.

familiar with the evidence presented at the hearing,[2] that evidence will not be repeated or even summarized herein. Moreover, the law is well established and the parties understand and have adequately briefed the issues presented in this mandamus proceeding.

We do not believe that this case is legally or factually distinguishable from *In Re Payne*, No. 10-11-00402-CV, 2011 Tex. App. LEXIS 9611 (Tex. App.—Waco, Dec. 2, 2011, orig. proceeding) (mem. op.). While the distance the mother has moved is substantially further, North Scituate, Rhode Island, rather than Abilene, Texas, that difference is immaterial to the result. While in this proceeding, there are allegations based on meager and conflicting evidence of the mother attempting to alienate the father from his children in the past, there is no evidence to support an allegation or finding that "the order is necessary because the children's present circumstances would significantly impair the children's physical health or emotional development." *In Re Payne,* 2011 Tex. App. LEXIS 9611 at *4; *see also* TEX. FAM. CODE ANN. § 156.006(b)(1).

Based on the law and analysis as more fully described and discussed in *In Re Payne*, we conditionally grant Stephanie Rose's petition for a writ of mandamus. We direct the trial court to vacate the temporary orders rendered on April 13, 2018. A writ of

---

[2] Although the Relator attacks the trial court's decision to proceed with the temporary hearing because the affidavit required by the Texas Family Code was insufficient, we hold that issue is moot because the hearing has been held, is completed, and a ruling announced. We express no opinion on the sufficiency of the affidavit.

mandamus will issue only if Respondent fails to withdraw the order purporting to restrict the domicile of the children to Bell, Coryell, and surrounding counties within fourteen days after the date of this opinion. The order of this court which stayed the effect of the temporary order is ordered dissolved upon the trial court's signing of the order which withdraws the order creating the geographic restriction.


TOM GRAY
Chief Justice

Before Chief Justice Gray,
    Justice Davis, and
    Justice Scoggins
Petition conditionally granted
Opinion delivered and filed May 30, 2018
[OT06]

